**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

ALEJANDRO GARCIA GONZALEZ,
on behalf of himself and all other similarly
situated employees,

      Plaintiff,

v.                                           Case No. 3:20-CV-051-MPM-RP

MI PUEBLO OF NEW ALBANY, LLC,

      Defendant.

**COMPLAINT UNDER THE FLSA**

      Plaintiff Alejandro Garcia Gonzalez files this Complaint against Defendant Mi Pueblo of New Albany, LLC under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), for failure to pay overtime compensation and the applicable minimum wage.

### I. JURISDICTION

      1.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

### II. FACTS

      2.      Plaintiff Alejandro Garcia Gonzalez is an adult resident of New Albany, Mississippi. Plaintiff has been employed by and worked for Defendant as a server since for nearly 15 years. At all relevant times, Mr. Garcia Gonzalez was qualified as an employee under the FLSA, 29 U.S.C. § 203(e)(1).

      3.      Defendant Mi Pueblo of New Albany, LLC ("Mi Pueblo") is a limited liability company formed and organized under Mississippi state law and currently conducting business as

a restaurant at 213 Bankhead Street, New Albany, Mississippi 38652.

4. At all relevant times herein, Defendant Mi Pueblo was an "employer" of the Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

5. Defendant Mi Pueblo is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of 29 U.S.C. § 203(r).

6. Defendant Mi Pueblo is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A) in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise had an annual gross volume of sales made or business done of not less than $500,000. Specifically, Mi Pueblo is a Mexican Restaurant and has annual sales of not less than $500,000.

7. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week. During the applicable statutory period, Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per week without overtime compensation and in some cases failed to properly compensate Plaintiff and the similarly situated non-exempt employees at the applicable minimum wage rate.

8. During the applicable statutory period, Defendant compensated Plaintiff at a rate of $2.50 per hour plus tips for the first forty (40) hours worked in a week. Defendant did not

2

compensate Plaintiff for any hours worked in excess of forty (40) hours in a work week. Instead, Plaintiff only received tips during those overtime hours.

9. For example, Plaintiff Garcia Gonzalez worked at Mi Pueblo from approximately 2006 until July 2019. During that time, Plaintiff Garcia Gonzalez routinely worked in excess of 60 hours per week but only received $2.50 per hour for forty (40) hours per week and no compensation for time past the first forty (40) hours in the work week. He did not receive either the minimum wage or proper overtime compensation for time worked in excess of forty (40) hours in a work week.

10. As a result of the actions and conduct described above, Defendant has violated the FLSA's minimum wage and overtime requirements for servers.

11. As a result of its actions and the conduct described in the foregoing paragraphs, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 201 *et seq.*, specifically § 206(a)(1) and § 207(a)(1). Thus, Plaintiff has suffered a loss of wages.

12. The exact amounts of unpaid overtime compensation owed to Mr. Garcia Gonzalez are not presently known but will be determined through discovery. At this juncture, Plaintiff estimates that he was deprived of minimum wage and overtime compensation during the applicable statutory period of approximately $39,000.00.

13. Further, by failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq*.

14. The foregoing conduct on the part of Defendants constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendant knew or showed reckless

disregard for the fact that their compensation practices were in violation of federal law.

### III. PRAYER FOR RELIEF

WHEREFORE, Plaintiff in this action demands:

15. Judgment against Defendants for an amount equal to unpaid back wages at the applicable minimum wage and overtime rates;

16. Judgment against Defendants that their violations of the FLSA were willful;

17. An equal amount to the minimum wage and overtime damages as liquidated damages;

18. All recoverable costs, expenses, and attorney's fees incurred in prosecuting these claims;

19. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

20. Leave to amend to add other defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d);

21. An order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and,

22. For all such further relief as the Court deems just and equitable.

Respectfully submitted,

/s/William B. Ryan
William B. Ryan – MS Bar #99667
Bryce W. Ashby – TN Bar #26179
    (*pro hac vice application to be filed*)
DONATI LAW, PLLC
1545 Union Avenue
Memphis, TN 38104
Telephone: 901-278-1004
Fax: 901-278-3111
billy@donatilaw.com
bryce@donatilaw.com

ATTORNEYS FOR PLAINTIFF